UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KB Toys, Inc., et. al., <br><br> Debtor. | Chapter 11 Cases <br><br> Case No. 04-10120 <br><br> Jointly Administered |
| Residual Trustee, on behalf of the KBTI Trust, <br><br> Plaintiff, <br><br> vs. <br><br> The Upper Deck Company, LLC, <br><br> Defendant. | Adv. Pro. No 06-50336 <br><br> **Jury Trial Demanded** |

## MOTION OF THE UPPER DECK, LLC FOR WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT AND DEMAND FOR JURY TRIAL

Defendant The Upper Deck, LLC ("Upper Deck" or "Defendant") hereby files this Motion, pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011 and Rule 5011-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, seeking an order from the District Court withdrawing the reference to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") of the above captioned adversary proceeding and demanding jury trial and, in support thereof, states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1.  On or about January 14, 2004, KB Toys, Inc., et al. ("KB Toys" or "Debtor") filed Voluntary Petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Code" or "Bankruptcy Code"). These cases are being jointly administered by this Court. Pursuant to 28 U.S.C. § 157(a), the case was automatically referred to the Bankruptcy Court.

2. The KBTI Trust ("Plaintiff") was established pursuant to the Debtor's first amended plan of reorganization that was confirmed on August 18, 2005[1].

3. On January 12, 2006, Plaintiff initiated an adversary proceeding ("Adversary Proceeding") by filing a complaint ("Complaint") seeking the recovery of certain payments made by the Debtor to Upper Deck pursuant to § 547 of the Bankruptcy Code.

4. Upper Deck did not file a proof of claim in the main bankruptcy case and plans to file its answer to the Complaint concurrently with this Motion.

5. Upper Deck hereby demands a jury trial in the Adversary Proceeding. The Bankruptcy Court lacks jurisdiction to conduct jury trials and, therefore, Upper Deck is entitled to a jury trial before the District Court.

6. Upper Deck hereby files the instant motion to withdraw the reference and demanding a jury trial requesting that the automatic reference of this adversary proceeding be withdrawn, and the matter proceed before the District Court, the only court in which a jury trial in this matter may be conducted.

## BASIS FOR RELIEF

7. The withdrawal of the reference of bankruptcy cases and proceedings is governed by 28 U.S.C. § 157(d). Section 157(d) provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of any party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d).

8. There is no statutory definition of "cause" under 28 U.S.C. § 157(d). The Third Circuit has instructed district courts to consider (in addition to the timing of the request), whether withdrawal of the reference will (i) promote uniformity of bankruptcy administration, (ii) reduce forum shopping and confusion; (iii) foster economical use of debtor/creditor resources; (iv) expedite the bankruptcy process. *In re Pruitt*,

---

[1] Upper Deck disputes that the Residual Trustee, on behalf of the KBTI Trust, is authorized to pursue this action.

910 F.2d 1160, 1168 (3d Cir.1990) (adopting *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

9. More significantly, the Supreme Court has made clear that in a preference action, the Seventh Amendment right to a trial by jury is available to a defendant that has not filed a proof of claim in the debtor's bankruptcy case. See *Langenkamp v. Culp*, 111 S.Ct. 330 (1990). Therefore, withdrawal of the reference is appropriate, given the inability of the bankruptcy court to conduct the jury trial. Upper Deck has not filed a proof of claim, it has a demanded a trial by jury, and it does not consent to any such trial taking place in the bankruptcy court. Therefore, the reference of this adversary proceeding should be withdrawn at this time. *See, e.g., In re Just for Feet, Inc.*, 2002 WL 550035 (Bankr. D. Del. April 4, 2002) (because defendant was entitled to jury trial in preference action and it did not file proof of claim, the motion to withdraw reference should be granted).[2]

10. Other cases specifically support withdrawal of the reference to protect a party's right to a jury trial. *See, e.g. In re Orion Pictures Corporation*, 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. denied*, 511 U.S. 928 (1994); *In re Rickel & Associates, Inc.*, 2003 WL 23021972 (S.D.N.Y. 2003); and *compare Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990). As articulated by this Court in *In re NDEP Corp.*, 203 B.R. 905 at 908, *citing* 28 U.S.C. § 157(e) (De. Bankr. 1996), "...absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in this non-core proceeding." In this case, Upper Deck is entitled to a jury trial but does not consent to it being conducted in the Bankruptcy Court. For this reason, cause exists to immediately withdraw the reference of this adversary proceeding. There is no reason to conduct any further proceedings in the Bankruptcy Court when the District Court will ultimately conduct the trial, and the District Court is capable of handling the matter in its entirety.

11. A review of the *NDEP* case is instructive. In *NDEP*, the plaintiff debtor instituted an adversary proceeding alleging breach of contract, and sought the recovery of damages in the approximate amount of $68,000. The defendant answered, denied liability, raised several affirmative defenses, asserted

---

[2] *But see In re Big v. Holding Corp.*, 2002 WL 1482392 (D. Del. July 11, 2002) (assuming a jury trial demand was actually made by one of the parties, "the Bankruptcy Court [would] preside over pretrial matters until the case is ready to be tried in the District Court".

3

several counterclaims, and demanded a trial by jury. The defendant had not filed a proof of claim in the debtor/plaintiff's bankruptcy case. In addition, the defendant moved to withdraw the reference. After concluding that the defendant was entitled to a trial by jury, this Court granted the motion, and withdrew the reference of the adversary proceeding. As the Court reasoned:

> "Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation."

*NDEP*, 203 B.R. at 913 (*quoting Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 BR. 837, 838 (C.D. Cal. 1990)).

## WAIVER OF BRIEFING

Pursuant to D. Del. LR 7.1.2, Upper Deck believes that, given the straightforward and limited issues raised by this Motion, full briefing is not required. However, Upper Deck reserves its right to file a reply to the extent required.

WHEREFORE, The Upper Deck, LLC respectfully requests that the Court withdraw the reference of this adversary proceeding, that Upper Deck is granted a jury trial in this Adversary Proceeding, and that the Court grant Upper Deck such other and further relief as the Court deems necessary and proper.

Dated: May 8, 2006

BUCHANAN INGERSOLL PC
By: /s/ Margaret M. Manning
Margaret M. Manning (#4183)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE 19801
(302) 428-5500
(302) 428-3996 (fax)

and -

LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP
Leslie A. Cohen
Sam A. Kozhaya
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Attorneys for The Upper Deck Company, LLC

4

#764424-v1


# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KB Toys, Inc., et. al.,<br><br>    Debtor.<br><br>Residual Trustee, on behalf of the KBTI Trust,<br><br>    Plaintiff,<br><br>vs.<br><br>The Upper Deck Company, LLC,<br><br>    Defendant. | ) Chapter 11 Cases<br>) Case No. 04-10120<br>) Jointly Administered<br>)<br>) Adv. Pro. No 06-50336<br>) **Jury Trial Demanded** |

## ORDER

Upon review of Defendant The Upper Deck Company, LLC's Motion for Withdrawal of the Reference to the Bankruptcy Court and Demand for Jury Trial, and all related documents and responses timely filed thereto,

It is hereby ORDERED:

1. Defendant's Motion is Granted;

2. Defendant is granted a jury trial in the above captioned Adversary Proceeding;

3. The reference of the above captioned Adversary Proceeding to the Bankruptcy Court is hereby WITHDRAWN.

Dated: _____, 2006  
Wilmington, DE

_____  
The Honorable Kevin J. Carey

#764426-v1

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KB Toys, Inc., et. al., <br><br>    Debtor. | ) Chapter 11 Cases <br> ) <br> ) Case No. 04-10120 <br> ) Jointly Administered |
| Residual Trustee, on behalf of the KBTI Trust, <br><br>    Plaintiff, <br><br>vs. <br><br>The Upper Deck Company, LLC, <br><br>    Defendant. | ) <br> ) <br> ) <br> ) Adv. Pro. No 06-50336 <br> ) <br> ) Civil Action No. <br> ) <br> ) |

## ORDER

Upon review of Defendant The Upper Deck Company, LLC's Motion for Withdrawal of the Reference to the Bankruptcy Court and Demand for Jury Trial, and all related documents and responses timely filed thereto,

It is hereby ORDERED:

1.    Defendant's Motion is Granted;

2.    Defendant is granted a jury trial in the above captioned Adversary Proceeding;

3.    The reference of the above captioned Adversary Proceeding to the Bankruptcy Court is hereby WITHDRAWN.


Dated: _____, 2006
Wilmington, DE

_____

J. _____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE
824 Market Street
Wilmington, DE 19801
(302) 252-2900

May 30, 2006

To: Clerk of the Court
U.S. District Court, District of Delaware
844 King Street
Wilmington, DE 19801

Re: Residual Trustee, on behalf of the KBTI Trust vs. The Upper Deck Company, LLC
Adversary Proceeding No. 06-50336

On May 8, 2006, a Motion to Withdraw the Reference to the Bankruptcy Court and Demand for Jury Trial was filed . A Transmittal Sheet, the motion and supporting/opposing documents are enclosed. Also, a copy of the Order finding this adversary proceeding a core proceeding is included. Documents were electronically filed and can be viewed at **www.deb.uscourts.gov**.

Kindly acknowledge receipt of this document.

Sincerely,

David D. Bird, Clerk

By: *Margaret A. Mansbury*
Deputy Clerk

I hereby acknowledge receipt of the above Motion to Withdraw the Reference to the Bankruptcy Court and Demand for Jury Trial this _____ day of _____, 2006.

By: _____          _____
Deputy Clerk                                          Supervisor

## TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Adversary Case: 06-50336(KJC)
Related BK Case: 04-10120(KJC)

Deputy Clerk Transferring Case: Margaret A. Stansbury

| | |
|---|---|
| Case Type: | Pending Motion for Withdrawal of Reference (w/copy of Order finding this is a core proceeding) |
| Parties: | Residual Trustee, on behalf of the KBTI Trust vs. The Upper Deck Company, LLC |
| **Plaintiff Counsel:** | Kimberly D. Newmarch, Esq.<br>John H. Knight, Esq.<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>Telephone: (302) 651-7700<br>Email: newmarch@rlf.com<br>-and-<br>Susan Balaschak, Esq.<br>Brett Nizzo, Esq.<br>Traub, Bonacquist & Fox LLP<br>655 Third Avenue - 21st Floor<br>New York, NY 10017 |
| **Defendant's Counsel:** | Margaret M. Manning, Esq.<br>Buchanan Ingersoll, PC<br>The Nemours Building<br>1007 N. Orange Street, Suite 1110<br>Wilmington, DE 19801<br>Telephone: (302) 428-5500<br>Email: manningmm@bipc.com |

- and-

Leslie A. Cohen, Esq.

Sam A. Kozhaya, Esq.

Liner Yankelevitz Sunshine & Regenstreif LLP

1100 Glendon Avenue, 14th Floor

Los Angeles, CA 90024