## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 Cases |
| KB Toys, Inc.[1] | ) Case No. 04-10120 (KJC) |
| | ) |
| Debtor. | ) Jointly Administered |
| | ) |
| Residual Trustee, on behalf of the KBTI Trust | ) |
| | ) |
| Plaintiff, | ) Adv. Pro. No. 06-50336 (KJC) |
| vs. | ) |
| | ) Re: Docket No. 26 |
| The Upper Deck Company, LLC, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S LIMITED OPPOSITION TO DEFENDANT'S MOTION FOR WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT AND DEMAND FOR JURY TRIAL

Plaintiff, Abacus Advisors Group, LLC, the Residual Trustee, on behalf of the KBTI Trust (the "Plaintiff"), respectfully submits this limited opposition to Defendant's Motion for Withdrawal of the Reference to the Bankruptcy Court and Demand for Jury Trial (the "Motion") [Docket No. 26]. In support of its limited opposition to the Motion, Plaintiff states as follows:

1. Defendant's motion to withdraw the reference is premature. At this early stage of the adversary proceeding, it would best serve the principles of judicial economy to leave the matter with the Bankruptcy Court, which is handling pre-trial matters in approximately 280 similar core preference actions.[2]

---

[1] Together with KB Toy of Massachusetts, Inc.
[2] The Bankruptcy Court has entered a scheduling order that governs substantially all of the adversary proceedings, including this proceeding, and fixes specific dates for, among other things, the conclusion of discovery and mediation.

RLF1-3016165-1

2.  Plaintiff does not deny that the Defendant has a constitutional right to a jury trial. However, Defendant's potential entitlement to a trial by jury at some future date is not a sufficient basis to withdraw the reference at this time.

3.  This Court has held that withdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is trial ready. See Wakefern Food Corp. v. C&S Wholesale Grocers, Inc. (In re Big V Holding Corp.), 2002 WL 1482392 (D. Del. July 11, 2002).

4.  The Plaintiff and the Defendant agree that the instant preference action is a core proceeding. See ¶ 7 of Defendant's Motion for Determination Whether Adversary Proceeding is Core or Non-Core [Docket No. 27].

5.  In core proceedings, courts typically deny withdrawal of the reference unless the case is ready for trial. See Growe v. Bilodard Inc., 325 B.R. 490 (D. Maine 2005). "Hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." Id. quoting In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993). Furthermore, bankruptcy courts, with their considerable expertise, are likely to be better equipped than district courts to ensure the uniform administration of the bankruptcy code. Id.

6.  In this case, Defendant has offered no justification for withdrawal of the reference other than the fact that it has made a jury demand and does not concede to a trial by the bankruptcy judge. Such an assertion is generally insufficient to carry a defendant's burden of demonstrating cause for withdrawal under 28 U.S.C. § 157(d) unless the case is ready for trial. Id.

7. In light of the foregoing, Defendant's motion should be denied with leave to renew once this adversary proceeding is determined by the bankruptcy court to be ready for trial. This adversary proceeding should remain with the approximately 280 other preference actions being handled by the bankruptcy court until it is ready for trial.

8. Because the relevant case law is cited herein, Plaintiff respectfully requests a waiver of the briefing requirements contained in D. Del. Local Rule 7.1.2.

WHERFORE, Plaintiff respectfully requests that this Court enter an order denying Defendant's Motion to Withdraw the Reference to the Bankruptcy Court with leave to renew upon a determination by the Bankruptcy Court that this adversary proceeding is ready for trial, together with such other and further relief as the Court deems necessary and proper.

Dated: May 19, 2006
Wilmington, Delaware

Respectfully Submitted,

*[signature]*
John H. Knight (DE 3848)
Kimberly D. Newmarch (DE 4340)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19800
Tel: (302) 651-7700
Fax: (302) 651-7701

-and-

Susan Balaschak (SB 1901)
Brett Nizzo (BN 9463)
TRAUB, BONACQUIST & FOX LLP
655 Third Avenue – 21st Floor
New York, NY 10017
Tel: (212) 476-4770
Fax: (212) 476-4787

**EXHIBIT A**

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 Cases |
| KB Toys, Inc.[1] ) | Case No. 04-10120 (KJC) |
| ) | |
| Debtor. ) | Jointly Administered |
| ) | |
| Residual Trustee, on behalf of the KBTI ) | |
| Trust ) | |
| Plaintiff, ) | Adv. Pro. No. 06-50336 (KJC) |
| vs. ) | |
| ) | |
| The Upper Deck Company, LLC, ) | Civil Action No. _____ |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT AND DEMAND FOR JURY TRIAL

Upon review of Defendant's Motion for Withdrawal of the Reference to the Bankruptcy Court and Demand for a Jury Trial (the "Motion") and Plaintiff's limited opposition thereto, and all other related and timely filed documents,

It is hereby ORDERED:

1.   That Defendant's Motion is denied with leave to renew upon a determination by the Bankruptcy Court that this adversary proceeding is ready for trial.

Dated: _____, 2006
       Wilmington, Delaware

                                                    _____
                                                    United States District Court Judge

---

[1]   Together with KB Toy of Massachusetts, Inc.

RLF1-3016169-1                                                  C:\DOCUME~1\bn\LOCALS~1\Temp\nnvtempc4c\ws21.tmp