UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KB Toys, Inc., et. al., ) | Chapter 11 Cases |
| ) | |
| Debtor. ) | Case No. 04-10120 |
| ) | |
| ) | Jointly Administered |
| Residual Trustee, on behalf of the KBTI Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. Pro. No 06-50336 |
| vs. ) | |
| ) | Related Docket Item: 37 |
| The Upper Deck Company, LLC, ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |
| ) | |

**DEFENDANT THE UPPER DECK, LLC'S REPLY TO RESIDUAL TRUSTEE'S LIMITED OPPOSITION TO DEFENDANT THE UPPER DECK LLC'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING FROM THE UNITED STATES BANKRUPTCY COURT TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

THE UPPER DECK LLC, the defendant and movant herein ("Upper Deck" or the "Defendant"), by and through its undersigned counsel, submits this Reply to Residual Trustee's Limited Opposition To Defendant Upper Deck Corporation's Motion To Withdraw Reference Of Adversary Proceeding From The United States Bankruptcy Court To The United States District Court For The District Of Delaware (the "Response") filed by plaintiff Abacus Advisors Group, LLC, the Residual Trustee, on behalf of the KBTI Trust (the "Plaintiff") and respectfully states as follows:

## REPLY TO PLAINTIFF'S ARGUMENTS

Due to the fact that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") cannot conduct a jury trial in this adversary proceeding, Upper Deck's Motion to Withdraw the Reference (the "Motion to Withdraw") should be immediately granted.

In opposing the Motion to Withdraw, Plaintiff acknowledges Upper Deck's right to a jury trial in this proceeding. A bankruptcy court has jurisdiction to conduct a jury trial only "if specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties" 28. U.S.C. § 157(e) (emphasis added). The United States District Court for the District of Delaware (the "District Court") has not designated the Bankruptcy Court to conduct a jury trial. Based upon the fact that Upper Deck did not file a proof of claim in the above bankruptcy case, it has the right to a jury trial in the instant proceeding and the Bankruptcy Court cannot conduct the same. Therefore, the Motion to Withdraw must be immediately granted.

Additionally, notwithstanding Plaintiff's argument to the contrary, the mere fact that the case is not "trial ready" does not preclude the District Court from immediately granting the Motion to Withdraw. In fact, in *Keith F. Cooper v. Tech Data Corporation*, Civ No. 05-00622 and *Chad Shandler v. A J Oster Co.*, Civ. No. 05-00377 (GMS) the Delaware District Court recently granted motions to withdraw the reference in proceedings that were not "trial ready" and under similar circumstances to the present case. Accordingly, Upper Deck submits that the reference should be immediately withdrawn from the Bankruptcy Court. See Docket Items 4 and 5, respectively.

Moreover, the cases cited by the Plaintiff are distinguishable from the present case and should not be given any weight. For example, in *Wakefern Food Corp. v. C & S Wholesale Grocers, Inc. (In re Big V Holding Corp.)*, 2002 WL 1282392 (D.Del. 2002), although the court denied the plaintiff's motion to withdraw the reference, the court stated that "[o]ne final fact is crucial to the court's analysis of Wakefern's motion. To date, Wakefern has *not* made any formal demand for a jury trial." Id at *2. In the present case, unlike in *Wakefern Food Corp.* Upper Deck has made a formal demand for a jury trial and the Plaintiff has conceded that Upper Deck has a right to a jury trial. As a result, the *Wakefern Food Corp.* case is inapplicable to the present case.

2

Similar to *In re Just for Feet, Inc.*, 2002 WL 550035 (Bankr. D. Del. April 4, 2002), *Keith F. Cooper v. Tech Data Corporation*, Civ No. 05-00622 and *Chad Shandler v. A J Oster Co.*, Civ. No. 05-00337 (GMS), this Court must immediately withdraw the reference.

## CONCLUSION

Wherefore, Upper Deck requests that this Court enter an order withdrawing immediately the reference to the Bankruptcy Court and transferring this proceeding to the District Court for all purposes.

Dated:  May 26, 2006

BUCHANAN INGERSOLL PC

By: /s/ Margaret Manning
Margaret M. Manning (#4183)
The Nemours Building
1007 N. Orange Street, Suite 1110
Wilmington, DE 19801
(302) 428-5500
(302) 428-3996 (fax)

and -

LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP
Leslie A. Cohen
Sam A. Kozhaya
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Attorneys for The Upper Deck Company, LLC